JAMES H. BEVERIDGE *et al.*

*v.*

ANNA MULFORD *et al.*

1. CHANCERY PRACTICE—*hearing.* It is error to proceed to the hearing of a cause in equity and render a final decree therein at the same term of court at which replication is filed to the answer.*

2. SAME. When one of the defendants to a bill in chancery, being interested in the land sought to be affected by the bill, had answered, and the court proceeded to hear the cause and render final decree at the same term at which replication was filed, both as to the defendant who had answered and another defendant who had acquired an interest in the land from his co-defendant, there being no evidence of acquiescence, it was held error. The case as to the defendant who had not answered should not have been finally disposed of before the hearing as to his co-defendant.

WRIT OF ERROR to the Circuit Court of Cook County; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

Messrs. CLARK & BEAN, for the plaintiffs in error.

Messrs. MOORE & CAULFIELD, for the defendants in error.

---

* "After replication is filed, the cause shall be deemed at issue and stand for hearing." Laws 1872, p. 334, sec. 29.

12—62d ILL.

Per CURIAM: This was a bill in chancery brought in the Cook circuit court .on the 5th day of March, 1863, by the heirs of Edward A. Mulford, deceased, to set aside certain deeds made by their guardian on a sale under an order of court, of the lands belonging to the complainants when they were minors.

The bill alleged that.the guardian conveyed the ten acres of land in question to one John McHugh, who subsequently conveyed it to John L. Beveridge; that he conveyed the same to James H. Beveridge, one of the plaintiffs in error, who conveyed an undivided two-fifth part of it to Andrew M. Beveridge, the other plaintiff in error.

At the July term, 1863, of said court, on the 8th day of July, James H. Beveridge filed his answer to the bill, denying material averments in it, and setting up equities of his own in the premises.

On the 14th day of July, of the same term, proof of publication of notice to defendants Hannah L. Olmstead, Agnes McClure, William B. Hendershott, and Andrew M. Beveridge, was made, and the bill taken as confessed against them, and a guardian *ad litem* was appointed for the infant defendants, Francis H., Jessie S., and Eliza Olmstead, who filed an answer for them, and thereupon on motion of complainants' solicitor it was ordered that the cause be referred upon the bill of complaint, and the answer of the infant defendants by their guardian *ad litem*, to the master in chancery to take proofs and report.

Afterward at the same term, on the 15th day of July, the complainants filed their replication to the answer of James H. Beveridge. On the 24th day of July, at the same term, the master filed his report in the cause, and thereupon at the same July term the court rendered a final decree as to all the defendants in favor of the complainants, setting aside the guardian's sale to McHugh and all the proceedings and conveyances subsequent thereto.

James H. Beveridge and Andrew M. Beveridge prosecute this writ of error, and assign for error, entering the decree

against them—they being solely interested in the tract of land in question, and their co-defendants being interested in entirely distinct tracts of land, purchased at the same guardian's sale. It was error to proceed to a hearing of the cause and render a final decree therein at the same term of the court at which the replication was filed. The statute in this respect provides, after replication is filed the cause shall be deemed at issue and stand for hearing at the next term; or, in default of filing such replication, the cause may be set for hearing upon the bill and answer; in which case the answer shall be taken as true, and no evidence shall be received unless it be matter of record to which the answer refers. The cause as to James H. Beveridge, was heard and determined at a term previous to the one at which it stood for hearing by law. This must be deemed irregular as to him, there being no evidence of his acquiescence.

Andrew M. Beveridge held title to two-fifths of the land by deed from James H. Beveridge, and the case as to the former should not have been finally disposed of before the hearing of it as to James H.

For this error, the decree, as respects the two plaintiffs in error, is reversed, and the cause as to them remanded for further proceedings.

*Decree reversed.*